[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-14125

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 14, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-01282-CV-T-24-EAJ

ROBIN ODUM,

                                                        Plaintiff-Appellant,

                        versus

GOVERNMENT EMPLOYEES INSURANCE COMPANY,

                                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(December 14, 2010)

Before DUBINA, Chief Judge, ANDERSON, Circuit Judge, and COAR,[*] District
Judge.

_____

[*]Honorable David H. Coar, United States District Judge for the Northern District of Illinois,
sitting by designation.

PER CURIAM:

Appellant Robin Odum appeals the district court's grant of summary judgment to Odum's employer, Appellee Government Employees Insurance Company ("GEICO"), on Odum's claims under the Private Florida Whistleblower Act ("FWA"), Fla. Stat. §§ 448.101-448.105.

Odum argues that the district court erred in finding that he did not present a *prima facie* case under the FWA because he did not engage in a protected activity when he reported what he falsely believed to be a fire code violation. Odum also argues that the district court erred in finding that GEICO advanced a legitimate, nonretalitory reason for terminating him – his dishonesty regarding a court appearance. Odum contends he has produced sufficient evidence to show that this purported justification for his termination was pretextual.

This court reviews *de novo* a district court's grant of summary judgment and will construe all the facts and inferences in the light most favorable to the non-moving party. *Skop v. City of Atlanta*, 485 F.3d 1130, 1136 (11th Cir. 2007). Because we can decide this appeal without addressing the first argument Odum presents, which is a question of first impression both in this court and in the Supreme Court of Florida, we decline to address it. Instead, even if we assume

*arguendo* that Odum presented a *prima facie* case under the FWA, GEICO articulated that it terminated him based on a good faith belief that he dishonestly reported sick leave, which is a legitimate, non-retaliatory reason. Because Odum failed to present any rebuttal evidence to GEICO's legitimate reason beyond his own conclusory beliefs, he has failed to show pretext.[1] Accordingly, we affirm the district court's grant of summary judgment in favor of GEICO.

**AFFIRMED.**

---

[1]This court has reviewed the record in its entirety and finds no credible evidence of pretext.